AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.

OLEKSIY SHARAPKA, A/K/A ANDREW SCHWAMKOFF

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

CASE NUMBER: MJ04-m-260 JLA

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about NOVEMBER 5, 2004 in SUFFOLK COUNTY AND/ ELSEWHERE county, in the District of MASSACHUSETTS defendant(s) did, (Track Statutory Language of Offense)

Knowingly, and with intent to defraud, produce, use or traffic in one or more counterfeit access devices; and knowingly, and with intent to defraud, possess fifteen or more devices which are counterfeit or unauthorized access devices; and knowingly, and with intent to defraud, produce, traffic in, have control or custody of, or possess device- making equipment; and knowingly, and with intent defraud, use, produce, traffic in, have control or custody of or possess a scanning receiver; all affecting interstate commerce

in violation of Title 18 United States Code, Section(s) 1029.

I further state that I am a(n) F.B.I. SPECIAL AGENT (Official Title) and that this complaint is based on the following facts:

SEE ATTACHMENT A

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

[signature]
Signature of Complainant

Sworn to before me and subscribed in my presence,

11-15-2004 at BOSTON, MA

Date City and State

MAGISTRATE JUDGE JOYCE LONDON ALEXANDER
Name & Title of Judicial Officer

[signature]
Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

**ATTACHMENT A**

**AFFIDAVIT**

I, Christopher A. Geary, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION**

1. I submit this affidavit in support of an application for a search warrant authorizing the search of the following items and locations:

A. An HP Pavilion Laptop computer, model ZX5280US, serial number CND4260DCC, sent taken from the residence of Oleksiy Sharapka, 67 Euston Rd, 2nd floor, Brighton, MA on November 5, 2004.

B. The scanner, model number MSRZ06-3HL, serial number A009524, taken from the residence of Oleksiy Sharapka, 67 Euston Rd, 2nd floor, Brighton, MA on November 5, 2004.

C. Fed Ex package addressed to Alexis Llanos, 1085 Commonwealth Avenue, #169, Boston, MA 02215, from Kinko's 0169, Waterville, Ohio, which was seized from the Mail Boxes Etc. located at 1085 Commonwealth Avenue, #169, Boston, MA 02215.

D. 59 white plastic cards, each with an encodeable magnetic strip, taken from the residence of Oleksiy Sharapka, 67 Euston Rd, 2nd floor, Brighton, MA on November 5, 2004.

E. Five T-mobile cellphones, including 3 Nokia telephones, 1 Samsung telephone and 1 Sony telephone, each of which was taken from the

residence of Oleksiy Sharapka, 67 Euston Rd, 2nd floor, Brighton, MA on November 5, 2004.

F. Ten unopened envelopes sent from Netspend Corporation, P.O. Box 42589, Austin, Texas 78704 to the following names: Deniss Bobrovski (3); Andrei Volgin (3); and Aleksei Uskov (4), all of which feel as though they contain a Netspend card, obtained from the Town Line Inn, 735 Broadway, Malden, MA.

G. One Samsung flip telephone which is currently in the custody of the Nashua Street jail, amongst the personal possessions of Oleksiy Sharapka, a/k/a Andrew Schwamkoff.

With the exception of the telephone described above in item G., each of the items to be searched is currently in the possession of law enforcement, although none have been searched. Based on the facts stated herein, I have probable cause to believe that all of these items contain fruits, instrumentalities and evidence of violations of Title 18 U.S.C. §1029.

2. I also submit this affidavit in support of a complaint charging Oleksiy Sharapka, a/ka Andrew Schwamkoff with Fraud and Related Activity in connection with Access Devices, in violation of 18, United States Code, Section 1029. Based on the facts stated herein, I have probable cause to believe that he has committed violations of this statute.

3. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed for over five (5) years. I am currently assigned to the Boston Office of the FBI. My duties include investigating computer system intrusions, intellectual property rights violations, and Internet fraud. I have received specialized training in investigating computer crimes, including but not limited to understanding networks, electronic email tracing, computer

logging, and other techniques used in investigating computer crimes. My experience includes investigating cases involving the use of computers and the Internet to commit violations of fraud, intrusion, and intellectual property laws. I have received training and gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, computer crimes involving computer intrusions and other computer-based crimes, computer evidence identification, computer evidence seizure and processing, and various other criminal laws and procedures. I have personally participated in the execution of search warrants involving the search and seizure of computer equipment.

4. I believe that probable cause exists to believe that the property described in Attachment C of this affidavit, which constitutes evidence, fruits, and instrumentalities of Fraud and Related Activity in connection with Access Devices, in violation of 18, United States Code, Section 1029 will be found in the locations identified in Attachment B. This probable cause is based on my investigation and on information and documents provided by other law enforcement officers and investigators, including from the Secret Service, Boston Police, Massachusetts State Police, and the U.S. Postal Inspection Service.

5. Because this affidavit is being submitted for the limited purposes of seeking authorization for search and arrest warrants, I have not set forth each and every fact learned during the course of the investigation.

**INVESTIGATION**

6. In May 2004, Oleksiy Sharapka was arrested and charged in Atlanta, Georgia with nine counts of Fraud and Related Activity in connection with Access Devices, in violation of 18, United States Code, Section 1029. The charges involved the purchase and resale of computer equipment using false or fraudulently obtained credit card information. He was

released on electronic monitoring. Shortly thereafter, Sharapka violated his release conditions by removing the monitoring device and apparently fleeing the jurisdiction. An arrest warrant was issued on July 2, 2004 by the United States District Court for the Northern District of Georgia.

7. Thereafter, on November 3, 2004, an individual in Massachusetts contacted the U.S. Postal Service's Identity Fraud Task force and reported that someone, without her knowledge or authorization, was using her credit card to make purchases and was having those purchases mailed to a Mail Boxes Etc. in Boston, Massachusetts. She became aware of this information after being advised by Dell computer that someone was trying to use her credit card to purchase a Dell computer to be sent to Deniss Bobrovski, 304 Newbury Street, #397, Boston, MA. This is the address of a Mail Boxes Etc.

8. Based on this complaint, on Friday, November 5, 2004, law enforcement agents surveilled box number 397 at the Mail Boxes Etc., located at 304 Newbury Street, which was allegedly being used to receive the packages purchased with the credit card reportedly being used without authorization. They observed a male retrieve 3 packages from this mailbox and then followed him. Once in Brighton, Massachusetts, they observed the man deliver the 3 packages to another individual, later identified as Oleksiy Sharapka. Sharapka accepted the packages and handed the man an envelope later found to contain $1400 in cash. The law enforcement officers followed Sharapka to 67 Euston Road, Brighton, Massachusetts. He was stopped on the front porch of the residence as he attempted to enter the premises. Once becoming aware of the identities of the officers, Sharapka asked if they could continue the conversation inside.

9. Sharapka brought the law enforcement agents to his residence located on the second floor of 67 Euston Road, Brighton, Massachusetts. The apartment was shared by Sharapka and two other individuals ("the roommates"), each of whom had their own bedroom. According to the roommates, they found Sharapka through the internet and did not know him well, nor had he been living there long. Sharapka gave oral and written consent to allow the search of his bedroom in the apartment. The room was virtually stacked full of cardboard boxes bearing names such as Dell, ipod, HP, JVC, Pioneer and like manufacturers and suppliers, which appeared to contained computer and stereo equipment. Also visible in the room were white business envelopes containing cash, 9 drivers licenses from at least 3 states bearing Sharapka's photo, all with different names; and an open, apparently recently used laptop computer with a read/write scanning device attached to it (the computer and scanning device for which authority to search is herein sought). A read/write scanning device is used to read or imprint information onto or from a magnetic strip such as those found on credit cards or ATM cards.

10. Pursuant to Sharapka's consent, the agents and law enforcement officers seized, inter alia, the following: the boxes; the laptop computer and the read/write scanning device described above; several white envelopes on which were written series of numbers that appeared to be ATM or credit card PIN numbers; the white envelopes containing cash and other cash, all of which totaled approximately $14,000; Netspend cards which allow the possessor to access any cash held in the corresponding account; 19 credit cards, which bore either no name or a name other than Sharapka; individual envelopes containing what appeared to be "ID kits" (including items such as bank cards, credit cards, Netspend cards, and pieces of paper which included bank account information, pin numbers, credit limits, etc.); and a stack of 59 white cards with magnetic strips, each of which bore a number which appeared to correspond to a list of pin

numbers found on another sheet of paper. At least 3 of the seized bank/credit cards bore the name Deniss Bobrovski which was the name identified by the initial complainant as the individual who was ordering the Dell computer using her credit card. Also found were printed copies of information that appeared to come from a computer including order confirmations; ICQ or chat instant messaging communications, personal identifying information including dates of birth, social security numbers, credit card numbers, passwords and other information indicating potential victims of identity theft.

11. Sharapka was placed under arrest at his home on November 5, 2004. He is currently in the custody of the Sheriff of Suffolk County, having been charged with identity theft , and is being held at the Nashua Street Jail. Subsequent to his arrest, Sharapka was interviewed by law enforcement agents. Sharapka, who had initially identified himself as Andrew Schwamkoff, told the interviewing agents that his true name was Oleksiy Sharapka. He admitted that he used the name Alexis Llanos, consistent with the fact that he possessed a Michigan driver's license in the name Alexis Llanos and bearing Sharapka's photo and a Citizen's Visa access card in that name as well. Sharapka further stated that in May 2004, he had been charged with fraud following an arrest by the Secret Service in Atlanta, Georgia. Sharapka explained that he was a middle man for the equipment found in his room and that he ordered it using information supplied to him through ICQ instant messaging.

12. Based on subsequent investigation by myself and other law enforcement agents, I know the following:

A. That renting a mail box at Mail Boxes Etc. requires the renter to provide Mail Boxes Etc. with a telephone number and picture ID.

B. That when items are ordered on-line through the computer, the purchaser must also provide a telephone number. To the extent that law enforcement has thus far been able to verify with the shippers, each of the packages found in Sharapka's room in his apartment as well as the packages picked up by the runner on the day of Sharapka's arrest all contained products ordered on-line and using a computer.

C. That when applying to rent the mail box at the Mail Boxes Etc. at 304 Newbury Street, the applicant used the address of 735 Broadway, number 74, Malden, MA and the name Deniss Bobrovski. 735 Broadway is the Town Line Inn. Also found in Sharapka's room was an apartment lease that purported to be an agreement between Andrew Schwamkoff as lessor and Deniss Bobrovski as lessee for the rental of apartment 74 at 735 Broadway, Malden, MA. When law enforcement questioned an employee at The Town Line Inn, she provided them with the mail that had accumulated for "the Russians," who had stayed in room 74, since they had last been there. This mail consisted of 10 unopened envelopes from Netspend to Aleksei Uskov (4), Andrei Volgin (3) and Deniss Bobrovski (3), all of which feel as though they contain additional Netspend cards.

13. The Fed Ex package addressed to Alexis Llanos and for which authorization to search is herein in sought was recovered by law enforcement agents from a Mail Boxes Etc., located at 1085 Commonwealth Avenue in Boston. Agents went to this location after being informed by a worker at the Mail Boxes Etc. at 304 Newbury Street that the Russians who rented boxes at 304 Newbury also rented boxes at other locations including the Mail Boxes Etc.

at 1085 Commonwealth Avenue. Based on the feel of the exterior of the package, it appears to contain a card in the shape of a credit card or a license.

**PROCEDURES FOR COMPUTER SEARCH**

14. Based upon my knowledge, training and experience, I know that searching and seizing information from computers often requires a qualified computer expert in a laboratory or other controlled environment to search electronic storage devices (along with related peripherals).

a. The volume of evidence. Computer storage devices (like hard disks, diskettes, tapes, and laser disks) can store the equivalent of thousands of pages of information. Additionally, a suspect may try to conceal criminal evidence; he or she might store it in random order with deceptive file names. This may require searching authorities to examine all the stored data to determine which particular files are evidence or instrumentalities of crime. This sorting process can take weeks or months, depending on the volume of data stored, and it would be impractical to attempt this kind of data search on site.

b. Technical requirements. Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications, so it is difficult to know before a search of computer hardware and software which expert is qualified to analyze the system and its data. In any event, however, data search protocols are exacting scientific procedures designed to protect the integrity of the evidence and to recover even "hidden," erased, compressed, password-protected, or encrypted files. Since computer evidence is extremely vulnerable to inadvertent or intentional modification

or destruction (both from external sources or from destructive code imbedded in the system as a "booby trap"), a controlled environment is essential to its complete and accurate analysis.

15. This is true because data analysts may use several different techniques to search electronic data for evidence and instrumentalities of crime. These include, but are not limited to the following: examining file directories and subdirectories for the lists of files they contain; "opening" or reading the first few "pages" of selected files to determine their contents; scanning for deleted or hidden data; and searching for key words or phrases ("string searches").

**CONCLUSION**

16. Based on the foregoing facts, to the best of my knowledge and belief, there is probable cause to believe that a search of the items described above and in Attachment B, will result in the recovery of property that constitutes evidence, fruits and instrumentalities of criminal activity, as more fully set forth in Attachment C, all of which will be material to an ongoing investigation of criminal violations of Title 18 U.S.C. § 1029.

17. Further, based on the foregoing facts, I believe that there is probable cause to believe that Oleksiy Sharapka, a/k/a/ Andrew Schwamkoff has committed violations of Title 18, United States Code, Section 1029 (Fraud and Related Activity in Connection with Access Devices).

Christopher A. Geary
CHRISTOPHER A. GEARY
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me
on this 15th day of November, 2004.

Joyce London Alexander
U.S. MAGISTRATE JUDGE
JOYCE LONDON ALEXANDER

JOYCE LONDON ALEXANDER
United States Magistrate Judge

## ATTACHMENT C

## ITEMS TO BE SEIZED

Any and all documents, data, information, or communications, in any form, and any and all software, hardware, or other items, evidencing, or constituting instrumentalities or fruits of, Fraud and Related Activity in connection with Access Devices, in violation of 18, United States Code, Section 1029, including but not limited to the following; the specific items to be seized from each of the search locations or items to be searched (as fully described in Attachment B) are particularly described and set forth as follows:

A From the HP Pavilion Laptop computer :

Any and all computer log files, stored electronic communications, including e-mail and ICQ messages, e-mail, ICQ, and other address books, internet history files, temporary internet files, internet "favorite" files, word documents, text documents, excel spreadsheets and other files evidencing shipping and delivery addresses and payments, personal information, names and addresses, credit card accounts, numbers and passwords, including encrypted files, as well as software for encoding financial information onto magnetic stripes, typically used on bank and credit cards.

B. The scanner, model number MSRZ06-3HL

Information stored in memory relating to personal information, card numbers, "PIN" number and other information typically encoded on bank and credit cards, as well as other official identification cards.

C. Fed Ex package and the envelopes

Contents.

D. 59 white plastic cards

Information stored on the magnetic strip relating to personal information, card numbers, "PIN" number and other information typically encoded on bank and credit cards.

E. 6 cellphones

All information contained in memory, including calls made, received and missed, saved messages, whether text or voice, personal stored information, telephone settings, memos, names, addresses and telephone numbers in stored address book, and information in date book.

**ATTACHMENT B**

**DESCRIPTION OF PROPERTY TO BE SEARCHED**

A. An HP Pavilion Laptop computer, model ZX5280US, serial number CND4260DCC, taken from the residence of Oleksiy Sharapka, 67 Euston Rd, 2nd floor, Brighton, MA on November 5, 2004.

B. The scanner, model number MSRZ06-3HL, serial number A009524, taken from the residence of Oleksiy Sharapka, 67 Euston Rd, 2nd floor, Brighton, MA on November 5, 2004.

C. Fed Ex package addressed to Alexis Llanos, 1085 Commonwealth Avenue, #169, Boston, MA 02215, from Kinko's 0169, Waterville, Ohio, which was seized from the Mail Boxes Etc. located at 1085 Commonwealth Avenue, #169, Boston, MA 02215.

D. 59 white plastic cards, each with an encodeable magnetic strip, taken from the residence of Oleksiy Sharapka, 67 Euston Rd, 2nd floor, Brighton, MA on November 5, 2004.

E. Five T-mobile cellphones, including 3 Nokia telephones, 1 Samsung telephone and 1 Sony telephone, each of which was taken from the residence of Oleksiy Sharapka, 67 Euston Rd, 2nd floor, Brighton, MA on November 5, 2004.

F. Ten unopened envelopes sent from Netspend Corporation, P.O. Box 42589, Austin, Texas 78704 to the following names: Deniss Bobrovski (3); Andrei Volgin (3); and Aleksei Uskov (4), all of which feel as though they contain a

Netspend card, obtained from the Town Line Inn, 735 Broadway, Malden, MA.

G. One Samsung flip telephone which is currently in the custody of the Nashua Street jail, amongst the personal possessions of Oleksiy Sharapka, a/k/a Andrew Schwamkoff.

JS 45 (5/97) - (Revised USAO MA 1/15/04)

**Criminal Case Cover Sheet** **U.S. District Court - District of Massachusetts**

**Place of Offense:** BOSTON **Category No.** 2 **Investigating Agency** F.B.I.

**City** BOSTON **Related Case Information:**

**County** SUFFOLK

Superseding Ind./ Inf. ______ Case No. ______
Same Defendant ______ New Defendant ______
Magistrate Judge Case Number ______
Search Warrant Case Number ______
R 20/R 40 from District of ______

**Defendant Information:**

Defendant Name OLEKSIY SHARAPKA Juvenile ☐ Yes ☒ No

Alias Name ANDREW SCHWAMKOFF

Address 67 Euston Road, 2nd Floor, Brighton, MA

Birth date (Year only): ______ SSN (last 4 #): ______ Sex M Race: ______ Nationality: ______

**Defense Counsel if known:** ______ **Address:** ______

**Bar Number:** ______

**U.S. Attorney Information:**

**AUSA** **Allison Burroughs and Jeff Auerhahn** **Bar Number if applicable** ______

**Interpreter:** ☐ Yes ☒ No **List language and/or dialect:** ______

**Matter to be SEALED:** ☐ Yes ☒ No

☒ **Warrant Requested** ☐ **Regular Process** ☒ **In Custody**

**Location Status:**

**Arrest Date:** **NOVEMBER 5, 2004**

☐ **Already in Federal Custody as** ______ **in** ______.
☒ **Already in State Custody** **Nashua, Boston, Ma** ☐ **Serving Sentence** ☐ **Awaiting Trial**
☐ **On Pretrial Release:** **Ordered by** ______ **on** ______

**Charging Document:** ☒ **Complaint** ☐ **Information** ☐ **Indictment**

**Total # of Counts:** ☐ **Petty** ______ ☐ **Misdemeanor** ______ ☐ **Felony** ______

**Continue on Page 2 for Entry of U.S.C. Citations**

☐ **I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.**

**Date:** 11-15-04 **Signature of AUSA:** [signature]

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number (To be filled in by deputy clerk):** ______________________

**Name of Defendant** OLEKSIY SHARAPKA, A/K/A ANDREW SCHWAMKOFF

**U.S.C. Citations**

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | | 18 U.S.C. 1029 | |
| Set 2 | | | |
| Set 3 | | | |
| Set 4 | | | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**